# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>JAIME COVARRUBIAS SAUCEDA,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING MOTION TO REDUCE SENTENCE**<br><br><br>Case No. 2:11-cr-00213-DN-3<br><br>District Judge David Nuffer |

Defendant Jaime Covarrubias Sauceda seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines,[1] which "provides a retroactive two-offense-level reduction for certain drug offenses."[2]

Because Mr. Sauceda was sentenced to a statutory minimum mandatory sentence, he is ineligible for relief under § 3582(c)(2), and his Motion[3] is DISMISSED for lack of jurisdiction.

---

[1] Motion for Sentence Reduction Pursuant to 3582(c)(2) and Amendment 782 ("Motion"), docket no. 830, filed July 17, 2017. Mr. Sauceda filed his Motion *pro se*. *Id.* The Motion was taken under advisement and a briefing schedule was set by Docket Text Order. Docket no. 831, filed Aug. 14, 2017. The government filed a response arguing that Mr. Sauceda is not eligible for relief because he was sentenced to a statutory minimum mandatory sentence. Memorandum on Defendant's Motion for Application of Sentencing Guideline Amendment 782, docket no. 833, filed Aug. 15, 2017. Mr. Sauceda has not filed a reply and did not receive notice of the Docket Text Order taking his Motion under advisement. This is because notice of the Docket Text Order was sent to Assistant Federal Public Defender Jamie Z. Thomas, who was automatically entered as counsel for Mr. Sauceda upon the filing of his Motion pursuant to Utah District Court General Order 14-005. Ms. Thomas later moved to withdraw as counsel based on a conflict of interest arising from her prior review and conclusion regarding Mr. Sauceda's eligibility for a sentencing reduction under Amendment 782. Motion to Withdraw as Counsel Due to Conflict of Interest, docket no. 834, filed Aug. 16, 2017. Ms. Thomas's motion was granted. Order Granting Motion to Withdraw as Counsel, docket no. 836, filed Aug. 28, 2017. Regardless, the filing of a *pro se* reply by Mr. Sauceda is unnecessary because the record and binding Tenth Circuit precedent, discussed below, conclusively establish that jurisdiction over Mr. Sauceda's Motion is lacking.

[2] *United States v. Wilson*, 638 Fed. App'x 722, 723 (10th Cir. 2016).

[3] Docket no. 830, filed July 17, 2017.

## DISCUSSION

"Generally, federal courts lack jurisdiction to modify a term of imprisonment once it has been imposed."[4] "Nevertheless, a district court may modify a sentence if there is statutory authorization to do so."[5] Such authorization is found at 18 U.S.C. § 3582(c)(2). "Section 3582(c)(2) allows courts to consider certain factors and reduce a sentence that was based on a sentencing range that subsequently has been lowered by the Sentencing Commission if doing so is consistent with the Sentencing Commission's policy statements."[6]

To obtain a sentence reduction under § 3582(c)(2), "a defendant must overcome three *distinct* hurdles[.]"[7] "*First*, under the statute's 'based on' clause, the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing."[8] "If not, the district court lacks jurisdiction over the defendant's motion and the motion must be dismissed."[9] "*Second*, under § 3852(c)(2)'s 'consistent with' clause, the defendant must establish his request for a sentence reduction is consistent with the Commission's policy statements related to § 3582(c)(2)."[10] "Those statements and accompanying commentary appear at U.S.S.G. § 1B1.10."[11] "*Third*, the defendant must convince the district court he is entitled to relief in light of the applicable sentencing factors found in 18 U.S.C. § 3553(a)."[12]

---

[4] *United States v. Larsen*, 664 Fed. App'x 751, 752 (10th Cir. 2016) (citing *Dillon v. United States*, 560 U.S. 817, 819 (2010)).

[5] *Id*. (citing *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013)).

[6] *Id*. (citing 18 U.S.C. § 3582(c)(2)).

[7] *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017) (emphasis in original).

[8] *Id*. (emphasis in original).

[9] *Id*.

[10] *Id*. (emphasis in original).

[11] *Id*.

[12] *Id*. at 1289-90 (emphasis in original).

Mr. Sauceda's Motion fails to overcome the first hurdle for obtaining a reduction of his sentence under § 3582(c)(2). The Tenth Circuit Court of Appeals has held that "[a] defendant who was sentenced pursuant to a statutory mandatory minimum term of imprisonment was not sentenced 'based on a sentencing range[.]'"[13] Rather, the defendant's sentence is "'based on' a mandatory minimum established by Congress[.]"[14] And such a defendant is "ineligible for a sentence reduction under § 3582(c)(2)" despite a subsequent amendment to the sentencing guidelines by the Sentencing Commission that would lower the defendant's guidelines range.[15]

Mr. Sauceda was convicted of one count of conspiracy to distribute methamphetamine, 500 grams or more, in violation of 21 U.S.C. § 826.[16] He was sentenced to a 120-month term of imprisonment,[17] which is the statutory mandatory minimum sentence for the offense.[18] Therefore, Mr. Sauceda's sentence was not "based on" a guideline range which Amendment 782 subsequently lowered, and he is ineligible for a sentencing reduction under § 3582(c)(2).[19] Because Mr. Sauceda is ineligible for relief under § 3582(c)(2), jurisdiction over his Motion is lacking.[20]

---

[13] *United States v. Munoz*, 682 Fed. App'x 635, 636 (10th Cir. 2017).

[14] *C.D.*, 848 F.3d at 1289.

[15] *Munoz*, 682 Fed. App'x at 636.

[16] Judgment in a Criminal Case at 1, docket no. 789, filed Apr. 25, 2013.

[17] *Id*. at 2.

[18] 21 U.S.C. § 841(b)(1)(A).

[19] *Munoz*, 682 Fed. App'x at 636.

[20] *C.D.*, 848 F.3d at 1289.

## ORDER

IT IS HEREBY ORDERED that Mr. Sauceda's Motion[21] is DISMISSED for lack of jurisdiction.

Signed September 5, 2017.

BY THE COURT

District Judge David Nuffer

---

[21] Docket no. 830, filed July 17, 2017.